# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VICTOR DRIVER,<br>#B-14516, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. 18-CV-561-MJR |
| IDOC,<br>PINCKNEYVILLE C.C.,<br>WARDEN LOVE,<br>K. JAIMET,<br>WARDEN OF PINCKNEYVILLE C.C.,<br>C/O ESTES,<br>UNKNOWN SPECIALIST,<br>SARA FARRIS,<br>UNKNOWN DOCTOR, and<br>UNKNOWN NURSE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Victor Driver, an inmate currently housed at Pinckneyville Correctional Center, filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff brings allegations pertaining to an alleged excessive force incident and deliberate indifference to his resultant injuries. Plaintiff seeks compensatory and punitive damages.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

1

complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

On January 8, 2018, Plaintiff was struck in his right eye with the top from a water bottle. (Doc. 1, p. 4). Shortly after contact, Defendant Estes, a correctional officer approached Plaintiff and asked if "he really hit" Plaintiff in the eye. *Id.* Plaintiff indicated that he had been hit in the eye. *Id.* Plaintiff's eye was swollen and very painful. *Id.* Additionally, when Plaintiff wiped his eye with his shirt, he saw blood on his shirt. *Id.* According to the Complaint, there have been three other incidents of officers "popping" inmates in the eyes with the tops of their water bottles. (Doc. 1, p. 6). Additionally, Plaintiff claims that, on "different days of the week," other inmates have observed Plaintiff being hit in his eyes by Officer Estes and other correctional officers. (Doc. 1, p. 7).

Officer Estes sent Plaintiff to the Healthcare Unit for treatment because (1) Plaintiff

2

asked for medical treatment and (2) Officer Estes saw that "what he had done to his eye was very bad." (Doc. 1, pp. 4-5). After arriving at the Healthcare Unit, Plaintiff waited 15 minutes for treatment. (Doc. 1, p. 5). Plaintiff was treated by Farris, a nurse. *Id.* Nurse Farris gave Plaintiff eye drops, pain medication, and an ice pack. *Id.* Then Plaintiff was returned to his housing unit, still in pain. *Id.* Plaintiff saw Nurse Farris again on February 2, 2018. (Doc. 1, p. 6). She gave Plaintiff more pain medication and eye drops. *Id.* Plaintiff alleges that this treatment was not helpful, but he does not indicate that he told Farris that the treatment was not helpful.

Plaintiff was also told (by someone) that he would see a specialist on February 7, 2018. (Doc. 1, p. 6). However, to date, Plaintiff has not seen a specialist. *Id.* Plaintiff also claims that, to date, he has not been seen by a physician. (Doc. 1, p. 8).

Plaintiff generally alleges that on a sick call request he described pain in his eye and associated headache, but nothing was done to help the pain issues. (Doc. 1, p. 6). This claim, however, is not associated with any specific medical visit or provider.

Plaintiff also references a follow-up medical examination that occurred on January 10, 2018. (Doc. 1, p. 5). But, Plaintiff does not describe who treated him on this day or what type of treatment he received. On January 12, 2018, although Plaintiff's eye was still painful, Plaintiff returned to work. *Id.*

Plaintiff contends that his eye is still painful and causes headaches. (Doc. 1, pp. 5-6). Plaintiff claims that when the bottle cap hit him it lacerated his eye and almost "put his eye out." (Doc. 1, p. 7). He also claims that he suffered broken blood vessels behind his right eye and that he has lost eyesight in his right eye. *Id.* Additionally, Plaintiff's eye is discolored and very sensitive to outside air. (Doc. 1, p. 8).

## Dismissal of Certain Defendants

**Defendants not Associated with Specific Allegations**

Before outlining Plaintiff's claims, the Court finds it appropriate to address Plaintiff's failure to include specific allegations against Warden Love, K. Jaimet, Warden of Pinckneyville Correctional Center, Unknown Specialist, Unknown Doctor, and Unknown Nurse in the body of his Complaint,[1] despite his having listed them among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of respondeat superior is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Because Plaintiff has failed to include any specific allegations in the statement of claim pertaining to Warden Love, K. Jaimet, Warden of Pinckneyville Correctional Center, Unknown Specialist, Unknown Doctor, and Unknown Nurse, these individuals will be dismissed from this action without prejudice.

---

[1] The only reference to the warden defendants (Warden Love, K. Jaimet, Warden of Pinckneyville Correctional Center) is in Plaintiff's list of defendants, wherein Plaintiff states that "The Warden(s)" are "responsible for supervising the various department heads for programs [including healthcare]." (Doc. 1, p. 3). The only allegation pertaining to the unknown medical defendants (Unknown Specialist, Unknown Doctor, and Unknown Nurse) states as follows: "As a result of the defendant doctor, nurse Sara Farris, unknown nurse and other defendants' actions plaintiff has lost site in his right eye from dryness, irritation, burning, and swelling." (Doc. 1, p. 8).

**IDOC and Pinckneyville Correctional Center**

To the extent that Plaintiff is attempting to bring a § 1983 claim against IDOC or Pinckneyville Correctional Center (a division of IDOC), the claim is not viable. This is because IDOC, as a state agency, is not a "person" that may be sued under § 1983, and neither are its divisions. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)); see also 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....").

Plaintiff also seeks to impose *respondeat superior* liability on these defendants in connection with his state law battery claim. Illinois, as a general matter, recognizes the *respondeat superior* doctrine. *See Adames v. Sheahan*, 909 N.E.2d 742, 755 (Ill. 2009); *see also Doe v. City of Chicago*, 360 F.3d 667, 670 (7th Cir. 2004). However, "the Eleventh Amendment prohibits a suit in federal court 'in which the State or one of its agencies or departments is named as the defendant.' " *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). This includes "state-law claims brought into federal court under pendent jurisdiction." *Pennhurst State Sch.,* 465 U.S. at 121. IDOC, as an Illinois state agency (and Pinckneyville Correctional Center, as a division of IDOC), enjoys immunity from suit in federal court. *See Ford v. Lane*, 714 F.Supp. 310, 313 (N.D. Ill. 1989). A state may waive Eleventh Amendment immunity. *See MCI Telecomms. Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir.2000). But, Illinois has waived its

sovereign immunity only to the extent of authorizing itself to be sued in the Illinois Court of Claims. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir.2 009) (citing 705 ILCS 505/8(d)); *Williamson Towing Co. v. Illinois*, 534 F.2d 758, 759–60 (7th Cir. 1976).

Accordingly, IDOC and Pinckneyville Correctional Center shall be dismissed because neither entity may be sued under § 1983 and by reason of Eleventh Amendment immunity. With respect to any intended § 1983 claim, IDOC and Pinckneyville Correctional Center will be dismissed with prejudice. With respect to pendent state law claims, IDOC and Pinckneyville Correctional Center will be dismissed without prejudice to refiling in the Illinois Court of Claims.

## Division of Counts

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Eighth Amendment claim against Officer Estes for using excessive force against Plaintiff on January 8, 2018.
>
> **Count 2 –** Illinois assault and/or battery claim against Officer Estes for using excessive force against Plaintiff on January 8, 2018.
>
> **Count 3 –** Eighth Amendment claim against Nurse Farris for exhibiting deliberate indifference to Plaintiff's serious medical need (eye injury and associated pain).

## Count 1

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. A prison guard's intentional use of excessive force against an inmate without penological justification constitutes cruel and unusual punishment. *See Wilkins v.*

6

*Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). The "core requirement" of an excessive force claim is that the prison guard "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The relevant inquiry focuses on the amount of force used and not on the injury that resulted. *Reid v. Melvin*, 695 F.App'x. 982 (7th Cir. 2017) (citation omitted).

The allegations in Plaintiff's Complaint support a claim of excessive force against Estes. The Complaint suggests that Estes intentionally flicked a bottle cap at Plaintiff's eye. The Complaint also suggests that Estes and other officers may be engaging in this activity for their own amusement. (Doc. 1, pp. 7-8). The bottle cap allegedly hit Plaintiff in the eye, causing a serious injury. Plaintiff describes no conduct on his part that would have provoked Estes or necessitated the use of force. *Id*. Given these allegations, Count 1 will receive further review against Estes.

### **Count 2**

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc*., 72 F.3d 1294, 1299 (7th Cir. 1995)). The Court has original jurisdiction over Count 1, and supplemental jurisdiction over Plaintiff's related state law claim for assault and/or battery.

Under Illinois state law, "[a] battery occurs when one 'intentionally or knowingly without

legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.' " *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). The Complaint addresses each element of this claim and suggests that Estes may have assaulted and/or battered Plaintiff. Accordingly, Count 2 shall receive further review against Estes.

### **Count 3**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). In addition, the "deliberate refusal to treat treatable pain can rise to the level of an Eighth Amendment violation." *Brown v. Darnold*, 505 F. App'x. 584 (7th Cir. 2013) (citing *Gil v. Reed*, 381 F.3d 649, 661-62 (7th Cir. 2004)). Finally, prison doctors demonstrate deliberate indifference when they respond to "a known condition through inaction" or "by persisting with inappropriate treatment." *Gaston*, 498 F.App'x. at 631-32; *Gayton v. McCoy*, 593 F.3d 610,

623-24 (7th Cir. 2010); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011); *Greeno v. Daley*, 414 F.3d 645, 653-54 (7th Cir. 2005).

Here, Plaintiff's eye injury and associated pain, suggest an objectively seriously condition. Plaintiff, however, has failed to allege that Nurse Farris responded with deliberate indifference to that serious condition. The only allegations as to Nurse Farris suggest that she treated Plaintiff's condition with eye drops, pain medication, and an ice pack. Plaintiff alleges that his symptoms, including pain, continued. This, however, falls short of suggesting deliberate indifference as to Nurse Farris. It is possible that Nurse Farris or other medical personnel exhibited deliberate indifference to Plaintiff's injury. But the Complaint does not include any allegations associated with a specific defendant that are sufficient to survive preliminary review. Accordingly, Count 3 (and Nurse Farris) shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as unnecessary. The Court will order service as a matter of course upon all defendants who remain in this action pursuant to this screening order because Plaintiff is a prisoner who has also requested permission to proceed in this action as a poor person.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be referred to United States Magistrate Judge Stephen C. Williams.

## Disposition

**IT IS ORDERED** that **LOVE, JAIMET, WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER, UNKNOWN SPECIALIST, UNKNOWN DOCTOR, AND UNKNOWN NURSE** are **DISMISSED** without prejudice for failure to state a claim upon

which relief may be granted. The Clerk of the Court is **DIRECTED** to terminate these individuals as parties in CM/ECF.

**IT IS ORDERED** that **IDOC** and **PINCKNEYVILLE CORRECTIONAL CENTER** are **DISMISSED** because neither entity may be sued under § 1983 and by reason of Eleventh Amendment immunity. With respect to any intended § 1983 claim, **IDOC** and **PINCKNEYVILLE CORRECTIONAL CENTER** are dismissed with prejudice. With respect to any pendent state law claims, **IDOC** and **PINCKNEYVILLE CORRECTIONAL CENTER** are dismissed without prejudice to refiling in the Illinois Court of Claims. The Clerk of the Court is **DIRECTED** to terminate these entities as parties in CM/ECF.

**IT IS ORDERED** that **COUNTS 1** and **2** shall receive further review as to **ESTES.**

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. In connection with this dismissal, **FARRIS** is dismissed for failure to state a claim upon which relief may be granted. The Clerk of the Court is **DIRECTED** to terminate this individual as a party in CM/ECF.

**IT IS ORDERED** that, as to **COUNTS 1** and **2,** the Clerk of the Court shall prepare for **ESTES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including Plaintiff's Motion for Recruitment of Counsel. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 3, 2018**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**
